**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4753**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO LANARDO MITCHELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:09-cr-00313-D-2)

Submitted:  March 29, 2011          Decided:  April 11, 2011

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lanardo Mitchell appeals from his conviction and 102-month sentence following his guilty plea, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2006); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Mitchell's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but questioning whether Mitchell's sentence is plainly unreasonable. Mitchell, advised of his right to file a pro se supplemental brief, has not done so. The Government has moved to dismiss Mitchell's appeal to the extent it challenges his sentence, invoking the waiver of appellate rights in Mitchell's plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002). The question of whether a

2

defendant validly waived his appeal rights is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

Our review of the record leads us to conclude that Mitchell knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss the appeal of Mitchell's sentence and dismiss this portion of the appeal.[*]

As required by Anders, we have reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver. We therefore affirm Mitchell's conviction. This court requires that counsel inform Mitchell, in writing, of his right to petition the Supreme Court of the United States for further review. If Mitchell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mitchell. We dispense with oral argument because the facts and legal contentions are

---

[*] Mitchell's waiver preserved the right to raise sentencing claims based on ineffective assistance of counsel or prosecutorial misconduct not known to Mitchell at the time of his plea. He does not raise such claims, and we perceive no meritorious claims in our Anders review.

3

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART